UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTIN SANCHEZ GOMEZ,

       Plaintiff,

  vs.

THOMPSON BROTHERS DRYWALL,
INC., et al.,

       Defendants.

Case No. 1:12-cv-799

BERTELSMAN, J.
BOWMAN, M.J.

**REPORT AND RECOMMENDATION**

This civil action is before the Court on Plaintiff's sealed motion for leave to amend the complaint to substitute AL. Neyer, LLC for Defendant "Doe 1, unknown general contractor" (Doc. 27) and the parties' responsive memoranda (Docs. 31, 33, 34, 36). The instant motion has been referred to the undersigned for disposition. (Doc. 35). Upon careful review, the undersigned finds that Plaintiff's motion is not well-taken.

**I**. **Background and Facts**

Plaintiff filed this action on October 26, 2012, alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the *Ohio Constitution*, Art. II, § 34a; the Ohio Minimum Fair Wage Standards Act, R.C. 4111 *et seq,*; and the Ohio Prompt Pay Act, R.C. 4113.15. The complaint named as defendants: Thompson Brothers Drywall, Inc.; Robert Thompson (collectively "the Thompson Defendants"); Geronimo Maya, d/b/a Tavales Drywall ("Maya"); John Doe 1, a general contractor; and John Doe 2, a bonding company.

The Court entered a scheduling order on January 16, 2012 (Document # 10), which required the complaint to be amended by February 28, 2013. Subsequently, the parties modified the scheduling order by agreement twice, but only to extend the time to complete discovery, to disclose expert information, and to file dispositive motions. (Docs. 18 and 19). The discovery deadline expired on March 3, 2013. (Doc. 19). On February 20, 2014, Plaintiff moved to modify the scheduling order (Doc. 23), and the Court stayed discovery pending a ruling on this motion. (Minute Entry, March 17, 2014).

On February 21, 2014, Plaintiff and the Thompson defendants executed a confidential settlement agreement. The Court signed and entered an agreed order to that effect on March 3, 2014. (Doc. 24). The parties are required to report monthly until the terms of the agreement are fulfilled, at which time the plaintiff must dismiss with prejudice all of his claims against the Thompson defendants and the John Doe defendants associated with Thompson Brothers Drywall, Inc.[1] *Id.* The agreement fully releases and indemnifies the Thompson defendants from all of the plaintiff's claims. The claim against Maya, the defendant who hired the plaintiff, has been stayed due to bankruptcy. (Doc. 32).

Plaintiff now seeks to amend his complaint to substitute Al. Neyer, LLC, as Defendant John Doe 1, unknown general contractor. Notably, Plaintiff originally alleged that he worked for Maya and the Thompson defendants on 14 projects in Ohio between January 2010 and April 2012. Al. Neyer, LLC, was Thompson Brother's general contractor on only one of those construction sites, the Med Pace Facility located at 4820

---

[1] The most recent status report was filed on April 3, 2014. The report indicates that Defendant Thompson Brother's Drywall, Inc. is complying with the terms of the confidential settlement agreement executed on February 21, 2014. These defendants anticipate that they will satisfy all of their obligations under the agreement within 90 days, at which time the plaintiff must dismiss with prejudice all of his claims against the Thompson defendants and the John Doe defendants associated with Thompson Brothers Drywall, Inc. (Doc. 37).

Red Bank Road in Cincinnati. Plaintiff contends that he worked at the Med Pace project sometime during the month of February 2012. During the time Plaintiff worked on the Med Pace project, Plaintiff alleges that his work hours were tracked and controlled by Al. Neyer through its direct daily oversight of the project.

**II. Analysis**

"Federal Rules of Civil Procedure 15(a)(2) states that the Court should freely give leave to amend 'when justice so requires.' Nevertheless, leave may be denied when there has been undue delay, bad faith, a repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or when the proposed amendment would be futile." *Hobart v. Waste Management of Ohio, Inc.,* 923 F.Supp.2d 1086, 1098 (6th Cir. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9, L.Ed. 222 (1962). According to the Supreme Court, prejudice to the opposing party is a key factor to be considered when deciding whether to grant leave to amend. *Zenith Radio Corp.v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Furthermore, leave to amend should not be granted when the amendment would be futile, because it would fail to state a claim. *See, e.g., Cloke v. United Brotherhood of Carpenters and Joiners of Am.*, No. 1:11-cv-677, 2013 U.S. Dist. LEXIS 21703, at *17 (S.D. Ohio Feb. 15, 2013).

Here, the record indicates that Plaintiff's claims against AL. Neyer have been released by the March 2014 settlement agreement. As noted above, Plaintiff and the Thompson Defendants executed a confidential settlement agreement, which the Court signed, and entered an agreed order on March 3, 2014. The Court stated in relevant part:

3

> The parties having notified the Court that a confidential settlement has been reached. . . the Plaintiff shall dismiss with prejudice all of his claims against Thompson Brothers Drywall, Inc., Bob Thompson, and the John Doe Defendants associated with Thompson Bros. Drywall, Inc.

(Doc. 24).

According to Plaintiff's proposed amended complaint, "Al. Neyer. LLC is a general contractor that contracted with Thompson Bros. during the applicable liability period." (Doc. 27 at 17). Plaintiff further alleges that he worked on the Med Pace project on February 6, 2012 and February 12, 2012. *Id.* at 19. As the general contractor for the Med Pace Project, Al. Neyer subcontracted with Thompson Bros. for the drywall installation and finishing on the project. Such a contractual relationship shows that Al. Neyer was associated with Thompson Brothers, for purposes of the Med Pace project.

Plaintiff contends, however, that upon any reading of the Agreement as a whole it is clear that: 1) the "John Doe Defendants *associated with* Thompson Bros. Drywall" and Al. Neyer are mutually exclusive parties, and 2) neither the Thompson Brothers Defendants nor Plaintiff contemplated that the Agreement would end the litigation except with regard to the Thompson Brothers Defendants. Upon review of the settlement agreement, the undersigned finds that Plaintiff's contentions are unsupported and contradicted by the allegations contained in Plaintiff's motion for leave to file an amended complaint as outlined above. Notably, the settlement agreement does not define "associated with," nor does it state that Al. Neyer and Thompson Bros are mutually exclusive parties.

4

"[W]hen the plain meaning of a term is not defined in the text at issue or is otherwise unclear," the courts of this circuit have "turn[ed] to dictionary definitions." *United States v. Darway,* 255 Fed.Appx. 68, 71 (6th Cir.2007); see *also Appoloni v. United States,* 450 F.3d 185, 199 (6th Cir.2006) ("Where ... no statutory definitions exist, a court may refer to dictionary definitions for guidance in discerning the plain meaning of a statute's language."). Merriam Webster dictionary defines associated, *inter alia,* as "to join or connect together" and/or to bring together or into relationship in any of various intangible ways (as in memory or imagination). *See* http://www.merriam-webster.com/dictionary/associate. Here, Al. Neyer and Thompson Bros. had a relationship and/or were connected together by the nature of their general contractor/subcontractor relationship. Accordingly, based upon the facts alleged by Plaintiff and the plain meaning of associate, the undersigned finds that Al. Neyer is "associated with" Thompson Bros. Drywall. Thus, pursuant to the terms of the settlement agreement, Plaintiff has released any claims against Al. Neyer (i.e. John Doe 1, Unknown General Contractor), and therefore Plaintiff's proposed amendment would be futile.

Moreover, Plaintiff has known or should have known the identity of Al. Neyer for nearly a year before seeking the instant amendment. Al. Neyer's memorandum *contra* to Plaintiff's motion for leave to amend lists the following events:

4/26/13: Plaintiff sent a letter to Al. Neyer, the general contractor on a project where Plaintiff allegedly worked for his employer Defendant Geronimo Maya, a subcontractor to Thompson Brother Drywall, Inc. ("TBD") about obtaining information for the lawsuit.

5

7/30/13: Plaintiff issued a subpoena to Al Neyer.

11/15/13: Plaintiff's counsel reviewed documents from Al. Neyer, including all correspondence from the project.

(Doc. 31 at 2).

Accordinlgy, Plaintiff's undue delay in seeking to name Al. Neyer as a Defendant provides further support that his motion for leave to amend should be denied. *See Hobart,* 923 F.Supp.2d at 1098.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 27) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTIN SANCHEZ GOMEZ,

      Plaintiff,                                    Case No. 1:12-cv-799

      vs.                                           BERTELSMAN, J.
                                                BOWMAN, M.J.

THOMPSON BROTHERS DRYWALL,
INC., et al.,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981**).**